**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| A LOVE OF FOOD I, LLC | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 12-1117(KBJ) |
| | ) | |
| MAOZ VEGETARIAN USA, INC. | ) | |
| | ) | |
| *Defendant* | ) | |
| _____ | ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

Plaintiff A Love of Food I, LLC ("ALOF"), by counsel, submits this Memorandum in Opposition to Defendant's Motion for Leave to File First Amended Answer:

### INTRODUCTION

Defendant Maoz Vegetarian USA, Inc. ("Maoz") seeks leave of the Court to file an Amended Answer to the First Amended Complaint almost two years after the Deadline for doing so as set forth in the Scheduling Order (ECF 12) entered on July 7, 2011. According to the Scheduling Order, motions for joinder of additional parties and amendment of pleadings were to be filed on or before August 22, 2011. In filing its Motion for Leave to File First Amended Answer under Fed. R. Civ. P. 15(a)(2), which provides that "the court should freely give leave when justice so requires." In doing so, however, Maoz ignores the provisions of Fed. R. Civ. P. 16(b)(4), which requires that "A schedule may be modified only for good cause and with the judge's consent." (Emphasis added).

Maoz has not moved to modify the Scheduling Order and has not even purported to show good cause for a modification. This was no mere oversight. Maoz is well-aware of the

need to seek a modification of the Scheduling Order and that it must show good cause to do so.

Maoz noted the depositions of two of ALOF's principals for dates after the discovery deadline of

November 21, 2011.  When Maoz failed to produce it's Fed. R. Civ. P. 30(b)(6) designee on the

agreed upon date of November 14, 2011, ALOF moved for sanctions.  The discovery dispute was

referred to Magistrate Judge Jillyn Schulze, who conducted a telephonic hearing on December

13, 2011.  Judge Schulze entered a Paperless Order that date, granting ALOF's Motion for

Sanctions in part, allowing ALOF to take the deposition on or before January 17, 2012, and

reiterating that discovery was otherwise concluded.  ECF 34.

That same day, Maoz wrote to Judge Schulze, requesting that the court reconsider its

opinion and allow Maoz's requested depositions to go forward.  ECF 35.  The court responded

the next day, stating in part:

> Defendant would now have to show good cause, not only for the request to
> extend the discovery deadline, but also for the failure to request an extension
> prior to the discovery deadline, and the required showing is heightened here
> because the court had previously made it abundantly clear that it expected
> compliance with the scheduling order.  ECF No. 15 ("The court declines to
> postpone the scheduling order and expects the Parties to comply with its
> deadlines."
>
> Despite the clear requirement of Rule 16(b)(4), Defendant presents no cause at
> all to support either the need for an extension or for the failure to seek the
> extension prior to the expiration of the discovery period.  The existence of
> prejudice to Defendant, and alleged lack thereof to Plaintiff, are not good cause
> for these failures, and the request for reconsideration is, accordingly, denied.

ECF 36.

Undeterred, Maoz then filed a Motion to Compel the Deposition of Plaintiff.  ECF 37,

despite Judge Schulze's Order and again without filing a motion to extend the deadlines set in

the Scheduling Order.  This Motion was filed on January 10, 2012, more than 14 days after the

decision of the Magistrate Judge, this time in an attempt to circumvent the provisions of Fed. R.

Civ. P. 72(a) requiring objections to a non-dispositive order of a magistrate judge to be filed

within that time period.  Citing both Rule 16(b)(4) and Rule 72(a), United States District Judge

Alexander Williams, Jr. denied the motion. ECF 39.

ARGUMENT

1. <u>Maoz's Failure to Move to Amend the Scheduling Order is Fatal to Its Motion for Leave to File Amended Answer</u>.

Rule 16(b)(3) Fed. R. Civ. P. requires the court to enter a scheduling order that "must

limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

Once a scheduling order is entered, it "may be modified only for good cause and with the

judge's consent."  Fed. R. Civ. P. 16(b)(4).  LCvR 16.4 also contains the requirement that good

cause be shown before a scheduling order may be modified.  As required, prior to the transfer

of this case to this District, the United States District Court for the District of Maryland entered

a Scheduling Order, which still controls this case.  ECF 12.  On at least three occasions,

Defendant was admonished by the Maryland court that it expected the parties to abide by the

Scheduling Order. *See* ECF 15, 36, and 39.

A motion to amend a pleading, filed under Fed. R. Civ. P. 15(a) after the deadline

established in a scheduling order, may not be reached until the scheduling order is modified.

<u>Pressure Products Medical Supplies, Inc. v. Greatbatch, Ltd.</u>, 599 F.3d 1308,1315 (Fed. Cir. 2010)

("As to post-deadline amendments, a party must show good cause for not meeting the deadline

before the more liberal standard of Rule 15(a) will apply."); <u>Millennium Partners, L.P. v. Colmar

Storage, LLC</u>, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without

regard to Rule 16(b), we would render scheduling orders meaningless and effectively would

3

read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.");

<u>Sosa v. Airprint Sys. Inc</u>. 133 F.3d 1417, 1419 (11th Cir. 1998) (Same).

Maoz's attempt to amend its answer to the First Amended Complaint must fail, for the simple reason that it has not moved pursuant to Rule 16(d) to extend the deadlines set forth in the July 7, 2011 Scheduling Order.

2. <u>Even if the Court were to Consider the Motion for Leave to File First Amended Complaint as a Motion to Amend the Scheduling Order, Maoz Has Failed to Make the Required Showing of Good Cause for Granting the Motion</u>.

a. *<u>In order to meet the good cause standard, Maoz must establish that it acted with the requisite diligence prior to the August 22, 2011 deadline</u>*.

Had Maoz sought leave of Court to extend or modify the Scheduling Order, it still would have been unable to establish the requisite "good cause" for such a modification.  The "good cause standard was recently enunciated by this Court"

> In deciding whether good cause exists under Rules 16(b) and 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment....If the party was not diligent, the inquiry should end."); *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.,* 2007 WL 1589495, *6 (D.D.C. June 1, 2007) (collecting cases, quoting *Johnson* ).

<u>Barnes v. Dist. of Columbia</u>, 289 F.R.D. 1, 7 (D.D.C. 2012).

Maoz concedes in Paragraph 12 of its Motion for Leave to File First Amended Answer that "Maoz's failure to assert the contractual limitations provisions in its original Answer was in retrospect an oversight."  ECF 65, p. 4.  Attorney oversight or error does not constitute good cause.  <u>Hussain v. Nicholson</u>, 435 F.3d 359, 364 (D.C. Cir. 2006).

Maoz seeks to amend its answer to include the affirmative defense of a one-year statute of limitations contained in the franchise agreement executed by the parties in 2007.  The

franchise agreement was drafted by Maoz, and surely it had knowledge of the existence of the purported limitations defense when if filed its initial response to the First Amended Complaint. Furthermore, Maoz raised the contractual limitations defense more than a year ago (although well after the deadline for amending its answer) for the first time in its Opposition to ALOF's Motion for Summary Judgment and Reply to ALOF's Opposition to Maoz's Motion for Summary Judgment on March 26, 2012.  ECF 45.  In response to ECF 45, ALOF raised the issue of the failure to plead limitations as an affirmative defense:

> This matter has been pending since August 25, 2010.  The discovery deadline has passed.  Never before its March 26,2012 filing has Maoz raised the affirmative defense of the one-year limitations period.  Maoz filed it Answer to the Amended Complaint on July 21, 2011(Document 16).  As its affirmative defenses, Maoz never raised the limitations issue.  Nor did it raise it in its Motion to Dismiss (Document 18), Motion for Reargument or Reconsideration (Document 14), or even its Motion for Summary Judgment.  Instead, it waited until its Reply to ALOF's Response to Motion for Summary Judgment (Document 45).  The prejudice to Plaintiff is obvious, as it has had no opportunity through discovery or other investigation to prepare for the defense of the argument.

*See*. Reply Memorandum in Support of ALOF's Motion for Summary Judgment.  ECF 46. (Citations in original).

Maoz's belated attempt to amend its answer to include the contractual limitations defense is precluded by its utter failure of diligence.  To allow Defendant to amend the pleadings and add an affirmative defense after the completion of briefing on the summary judgment motions, after the close of discovery, and more than three years after the original answer was filed would do nothing but reward Maoz for its lack of diligence and penalize ALOF, which has played by the rules, met its deadlines, and is now entitled to a hearing on the case as plead and briefed.  Maoz's motion, if granted, would require the reopening of discovery – as the question of when the cause of action accrued is a question of fact.  Hughes v. Abell, 794 F.

Supp. 2d 1, 12 (D.D.C. 2012) (citing <u>Diamond v. Davis</u>, 680 A.2d 364, 370 (D.C. 1996); <u>Lee v.</u>

<u>Wolfson</u>, 265 F. Supp. 2d 14, 19 (D.D.C. 2003); <u>O'Hara v. Kovens</u>, 503 A.2d 1313 (Md. 1986).[1]

      b.  *Permitting the Amendment Would be Futile, as Maryland Law Prohibits the Use*
          *of a Contractual Provision Shortening the Applicable Statute of Limitations.*

Maoz also vaguely alludes to the Maryland court's decision to transfer the case to the

United States District Court as somehow changing the analysis as to whether the contractual

limitations period should apply. ECF 65, ¶13, p. 4. Defendant does not specify how the change

of venue affects Maryland public policy regarding contractual limitations. Suffice it to say,

however, that Maryland franchise laws are designed to protect Maryland residents, which ALOF

and its principals undoubtedly were at the time the franchise agreement was executed, and

Maryland law prohibits any franchisor from requiring a Maryland resident to whom a franchise

is being offered to "Assent to a period of limitations for causes of action under the Maryland

Franchise Law, Business Regulation Article, § 14-226." Code of Maryland Regulations, §

02.02.08.16 (L)(2).

The question of whether the Maryland long arm statute extended the Maryland court's

jurisdiction over Maoz is irrelevant to whether (1) Maoz was required to register its offering in

the state of Maryland prior to offering a franchise to a Maryland resident or (2) whether

Maryland's prohibition of contractual shortening of statutes of limitation applies to the

franchise agreement at issue in this case. Business Regulation Article, § 14-203(a) provides that

Maryland's franchise registration and disclosure requirements apply where "The franchisee

must pay a franchise fee of more than $100; and . . . the offeree or franchisee is a resident of

---

[1] Where a case is transferred from one district to another, issues pertaining to the statute of limitations and choice of law are determined under the laws of the transferor court. <u>Walko Corp. v. Burger Chef Systems, Inc.</u>, 554 F.2d 1165 (D.C. Cir. 1977). In this instance, the laws of both jurisdictions are the same.

the state." Maoz argued in Maryland that the franchise documents were sent only to ALOF's counsel in the District of Columbia, and that therefore it did not purposefully avail itself of the privilege of doing business in Maryland. On that basis, the Maryland Court transferred the case to the District of Columbia.

Plaintiff disagrees with the Maryland court on the personal jurisdictional issue, but it is the law of the case. However, the applicability of the Maryland franchise laws to this transaction is an entirely different issue. The Franchise Agreement executed by the parties recites that the principal address of ALOF was in Chevy Chase, Maryland. ECF 43-8, p. 1. The franchise fee was $15,000. ECF 43-8, ¶3, p. 3. Thus, the Maryland franchise statute applies and the contractual limitations period is void as against public policy. Whether the franchise documents were sent to Plaintiff in Maryland or to Plaintiff's counsel in the District of Columbia might affect whether the cause of action could be brought in Maryland, but it does not affect the issue of whether a Maryland resident is entitled to the protection of its state franchise laws.

CONCLUSION

Defendant has not moved for relief under Fed. R. Civ. P. 16(b)(4) and therefore, its motion for leave to file an amended answer under Fed R. Civ. P. 15(a) must be denied. Furthermore, even if the Court were to consider the motion as though it was filed under Rule 16(b)(4), Defendant has not only failed to allege "good cause" as required under the rule, but admits that its failure to raise the defense in a timely manner was an "oversight." Oversight does not constitute good cause. Finally, any attempt to amend the Answer would be futile, as controlling Maryland law forbids a franchisor from requiring a Maryland resident to execute a

franchise agreement shortening the applicable statute of limitations.  Therefore, Maoz's

Motion for Leave to File First Amended Answer should be denied.

WHEREFORE, Plaintiff requests that the Court:

a.      Deny Defendant's Motion for Leave to File Second Amended Answer; and

b.      Grant Plaintiff such other and further relief as justice may require.

Respectfully Submitted,

FEDDER & JANOFSKY LLC

_____/S/_____

By: Steven K. Fedder, D.C. Bar No. 456719
2650 Quarry Lake Drive-Suite 100
Baltimore, Maryland 21209
(410) 415-0080
sfedder@mdcounsel.com

*Attorneys for Plaintiff A Love of Food I, LLC*