UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
A LOVE OF FOOD I, LLC,              )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    Civil Action No. 1:12-CV-1117(KBJ)
                                    )
MAOZ VEGETARIAN USA, INC.,          )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION AND ORDER

Presently before the Court is defendant Maoz Vegetarian USA, Inc.'s ("Maoz's") motion for leave to amend its answer. Defendant requests permission to add a fifth affirmative defense based on the one-year statute of limitations provision found in the parties' franchise agreement. (Def.'s Mot. for Leave to File a First Amended Answer ("Def.'s Mot."), ECF No. 65 at 2.) Upon consideration of defendant's motion, plaintiff's opposition (Pl.'s Mem. in Opp'n ("Pl.'s Opp'n"), ECF No. 66), defendant's reply thereto (Def.'s Reply, ECF No. 69), and the record herein, the Court hereby **DENIES** the defendant's motion for leave to amend the answer.

   I.    PROCEDURAL HISTORY

This matter involves a contract dispute arising out of a 2007 franchise agreement between the parties. (Amended Compl., ECF No. 6, at 3-4.) Plaintiff initiated this civil action on August 25, 2010 (Compl., ECF No. 1), and filed an amended complaint on November 11, 2010 (Amended Compl., ECF No. 6). Defendant filed an answer to the amended complaint on July 21, 2011 (Def.'s Answer, ECF No. 16), and the court

1

entered a scheduling order (ECF No. 12) that set an August 22, 2011, deadline for amendment of the pleadings. Neither party subsequently asked to extend that deadline until the present motion, which was filed on July 5, 2013.

Defendant filed the current motion to amend its answer after the close of discovery (which concluded on November 21, 2011[1]) and almost two years after the court's deadline for filing an amended answer. Defendant's motion to amend also comes after motions to dismiss and motions for summary judgment were adjudicated in part (ECF Nos. 55, 56); after a judge in the District of Maryland transferred this case to the District of Columbia (ECF No. 56); and after this Court inquired whether the parties sought to renew their previously-filed and still-pending motions for summary judgment (Minute Order of May 2, 2013).[2] The amendment to the answer that defendant now requests—to be allowed to assert the additional affirmative defense that the parties agreed to bring any claims arising out of the contract within one year of knowledge of the facts giving rise to such claim—is based on a provision in the franchise agreement that is the backbone of this entire lawsuit. (*See* Def.'s Mot. at 2.)[3]

## II.   ANALYSIS

Defendant's motion to amend the complaint contends that the Court should apply the standard of Rule 15 of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave [to amend pleadings] when justice so requires." (Def.'s

---

[1] Defendant sought to postpone the discovery deadline, but the Court denied its request. (*See* Order of July 19, 2011, ECF No. 15 ("The Court declines to postpone the scheduling order and expects the Parties to comply with its deadlines.").)

[2] The parties indicated their intent to renew their previously-filed motions for summary judgment in a status report on May 28, 2013. (Status Report, ECF No. 64.)

[3] The particular contract provision states that the parties must commence "any claim concerning the Franchised Unit or the Franchise Agreement or any related agreement within one (1) year from the date on which Franchisee or Franchisor knew or should have known, in the exercise of reasonable diligence, of the facts giving rise to the claim." (Def.'s Mot. at 2.)

Mot. at 2 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).)  Plaintiff, by contrast, asserts in its opposition that this Court should apply the "good cause" standard of Rule 16 of the Federal Rules of Civil Procedure.  (Pl.'s Opp'n at 3.)  Defendant's reply does not oppose plaintiff's argument that Rule 16 applies; indeed, defendant apparently concedes that the Rule 16 good cause standard is applicable in this situation because the reply directly addresses whether there is "good cause" to amend the answer in this case. (Def.'s Reply at 2.)  *See also Nat'l Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d 233, 268 (D.D.C. 2012) ("[T]he Court may treat the plaintiff's failure to oppose the defendant's . . . arguments as a decision to concede those arguments.") (internal citations omitted).

This Court agrees that Rule 16 applies.  Although the D.C. Circuit has not had occasion to address this issue, district court case law makes clear that once the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown.  *See Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (Lamberth, C.J.) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16.  Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also Buruca v. Dist. of Columbia*, 902 F. Supp. 2d 75, 79 n.1 (D.D.C. 2012); *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 135-36 (D.D.C. 2012); *Brooks v. Clinton*, 841 F. Supp. 2d 287, 296-97 (D.D.C. 2012); *In re Papst Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011); *cf. Shea v. Clinton*, 288 F.R.D. 1, 4-5 (D.D.C. 2012) (Rule 15's standard for amendment applies when the scheduling order did not include a deadline for amendment of pleadings).  While "[m]otions to amend pleadings filed

*within* the time set by a scheduling order are subject to review under the standard of [Fed. R. Civ. P.] 15, which instructs that the 'court should freely give leave when justice so requires' . . . such motions filed *after* a scheduling order deadline has passed are subject to the more stringent 'good cause' standard of [Fed. R. Civ. P.] 16(b)(4)[.]" *Brooks*, 841 F. Supp. at 296 (emphasis added). "To hold otherwise would allow Rule 16's standards to be short circuited by those of Rule 15 and would allow for parties to disregard scheduling orders, which would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Lurie*, 589 F. Supp. 2d at 23 (citation and internal quotation marks omitted). This approach is consistent with the circuits that have addressed this question. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (collecting cases from the First, Second, Fifth, Sixth, Eighth, and Eleventh Circuits).

The primary factor in determining whether good cause exists is the diligence of the party: "the Court's inquiry must focus on the reasons the [moving party] has given for his delay instead of the substance of the proposed amendment." *Lurie*, 589 F. Supp. 2d at 23. In other words, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Id.* (internal citation omitted). In addition to diligence, the movant should also show lack of prejudice to the opposing parties. *Papst*, 762 F. Supp. 2d at 59.

Here, the sole explanation that defendant provides for the delay in seeking to amend the answer to include the contractual statute of limitations affirmative defense is "oversight." (Def.'s Mot. at 4.) But mere oversight is not even sufficient to show excusable neglect, *see D.A. v. Dist. of Columbia*, No. 07-1084 (PLF/JMF), 2007 WL

4365452, *4-5 (D.D.C. Dec. 6, 2007), and "'[g]ood cause' requires a greater showing than 'excusable neglect.'" *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-Civ-8171(CM)(JCF), 2008 WL 4580024, *2 (S.D.N.Y. Oct. 14, 2008) (internal citations omitted).

The fact that defendant mentioned this affirmative defense in summary judgment briefing over a year ago—but did not seek to amend the answer at that time—merely underscores the inadequacy of the "oversight" explanation. (*See* Def.'s Combined Opp'n to Pl.'s Mot. for Summ. J. & Reply In Supp. of Cross-Mot. for Summ. J., ECF No. 45.) In responding to defendant's invocation of the statute of limitations argument at the summary judgment stage, plaintiff clearly stated that Fed. R. Civ. P. 8(c)(1) requires that affirmative defenses be raised in the responsive pleadings. (Pl.'s Reply Mem., ECF No. 46, at 2.) Yet even after the court ruled on the parties' cross-motions for summary judgment and transferred the case to this district (ECF Nos. 55, 56), the "oversight" continued: defendant let another full year pass before moving to amend the answer.

While it is true that, as defendant notes, this case has been essentially "dormant" for the past year (Def.'s Reply at 2), this inactivity extended to all aspects of the case and, in any event, it provides no excuse. This is not a situation in which a new affirmative defense arose after the scheduling order had passed due to a change in law or newly discovered evidence. And because the statute of limitations defense stems from the language of the franchise agreement that is at the heart of this dispute, the amendment that defendant now wishes to make was available when defendant first

answered the amended complaint two years ago, and it has remained at defendant's disposal throughout the pendency of this case.

Presented with a similar set of facts, the Fourth Circuit rejected a defendant's attempt to amend a pleading after the scheduling order deadline had passed. *See Nourison*, 535 F.3d at 298. In *Nourison*, the defendant sought to amend his answer after the deadline had passed because he realized an additional affirmative defense was available after rereading the pleadings. *Id.* "The Fourth Circuit summarily rejected this explanation for tardiness, ruling that it fell '*far short* of what is required to satisfy the good cause standard, and the District Court thus properly denied the motion.'" *Lurie*, 589 F. Supp. 2d at 24 (citing *Nourison*, 535 F.3d at 298) (emphasis in original).

So it is here. Although defendant argues that "good cause is met by the need for an informed and reasoned decision" (Def.'s Reply at 2), the Court's good cause inquiry must focus on defendant's reason for the delay, not the anticipated results of granting the motion. *See Lurie*, 589 F. Supp. 2d at 23. Here, defendant has not shown that it acted diligently; thus, the Court's inquiry must end, regardless of whether the amendment will assist the factfinder or result in prejudice to the plaintiff. *See Kellogg Brown & Root Servs.*, 285 F.R.D. at 136 ("If the party was not diligent, the inquiry should end.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## CONCLUSION

The deadline for amending the pleadings in this case was August 22, 2011, as set forth in the court's Scheduling Order. Defendant's contention that it should now be given leave to amend the pleadings to include a fifth affirmative defense because it

6

forgot to add that defense to the answer in the first instance, or presumably at any time over the last two years, constitutes neither diligence nor good cause. Accordingly, defendant's motion for leave to amend the answer is **DENIED**.

Date:  July 22, 2013                               *Ketanji Brown Jackson*
                                                                    KETANJI BROWN JACKSON
                                                                    United States District Judge